United States District Court
Northern District of California

JUAN G. PASCUAL,

        Plaintiff,

    v.

WELLS FARGO BANK, N.A., et al.,

        Defendants.

Case No.: CV 13-02005-KAW

ORDER GRANTING DEFENDANT WELL FARGO BANK, N.A.'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

On June 3, 2013, Defendant Wells Fargo filed a motion to dismiss Plaintiff Juan G. Pascual's first amended complaint. (Def.'s Mot. to Dismiss, Dkt. No. 12.)  On July 18, 2013, the Court held a hearing, and after careful consideration of the parties' arguments, for the reasons set forth below, the Court GRANTS Well Fargo's Motion to Dismiss in full without leave to amend, because any amendment to the pleadings would be futile.

## I.    BACKGROUND

Plaintiff filed this action in Alameda Superior Court on April 2, 2013 alleging six causes of action against Wells Fargo based on conduct during the origination of Plaintiff's mortgage loan in January 2006. (*See* Compl., Dkt. No. 1, Ex. A; First Amended Complaint, "FAC", ¶¶ 33-35.)

On May 1, 2013, Defendants removed the case to federal court.  On May 20, 2013, Plaintiff filed his first amended complaint. On June 3, 2013, Defendants filed a motion to dismiss the first amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

Plaintiff's first amended complaint contains six causes of action titled Violation of Business and Professions Code Section 17200, Fraud, Unfair Business Practices, Breach of

United States District Court
Northern District of California

Fiduciary Duty, Fraud in the Inducement, and Breach of the Implied Covenant of Good Faith and Fair Dealing. (*See* FAC, Dkt. No. 11.)

Plaintiff alleges he obtained an adjustable rate mortgage (ARM) in the amount of $555,000 from World Savings Bank (since acquired by Defendant Wells Fargo) in January 2006. (FAC, ¶ 33.)[1]   The remainder of Plaintiff's FAC appears to consist of boilerplate recitations of facts concerning Defendants' general misconduct of issuing deceptive, residential mortgage loans to individuals who could not afford them.

On August 28, 2008, a Notice of Default was recorded. (Def.'s Req. for Judicial Notice ("RJN"), Dkt. No. 13, Ex. G.)  A Notice of Trustee's Sale was recorded on February 11, 2009. (RJN, Ex. H.)  A Notice of Recission fo the Notice of Default and Election to Sell Under Deed of Trust was recorded on June 2, 2009. (RJN, Ex. I.)  At the hearing, the parties confirmed that Plaintiff is not currently in default, and all causes of action concern conduct at the time of loan origination.

## II.   LEGAL STANDARD

### A.  Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6)

The Federal Rules of Civil Procedure require a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. Pro. 8(a)(2). However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, (1957)).  Claims based on fraud, including state-law causes of action, must also meet the additional requirements of Federal Rule 9(b), that the circumstances of the fraud be pleaded with particularity.  *Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1103 (9th Cir. 2003).

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss based on the failure to state a claim upon which relief may be granted.  A motion to dismiss a

United States District Court
Northern District of California

---

[1] Wells Fargo's Request for Judicial Notice, however, provides a copy of the Deed of Trust, which indicates that the actual loan amount is $444,000. (Def.'s Req. for Judicial Notice ("RJN"), Dkt. No. 13, Ex. A.)

complaint under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. *Navarro v. Black*, 250 F.3d 729, 732 (9th Cir. 2001).

In considering a 12(b)(6) motion, the court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss the case "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)) (quotation marks omitted).

A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted).  In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action" and "conclusory statements" are not adequate. *Iqbal*, 556 U.S. at 678; *see also Epstein v. Wash. Energy Co*., 83 F.3d 1136, 1140 (9th Cir. 1996) ("However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim.").  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully....  When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal citations omitted).

Generally, if the court dismisses the complaint, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*quoting Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990)).
///

### B.  Request for Judicial Notice

As a general rule, a district court may not consider any material beyond the pleadings in ruling on a 12(b)(6) motion to dismiss for failure to state a claim. *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001).  A district court may take notice of facts not subject to reasonable dispute that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201(b); *United States v. Bernal–Obeso,* 989 F.2d 331, 333 (9th Cir.1993).  "[A] court may take judicial notice of 'matters of public record,'" *Lee*, 250 F.3d at 689 (citing *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)), and may also consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading" without converting a motion to dismiss under Rule 12(b)(6) into a motion for summary judgment.  *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds by *Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).  The court need not accept as true allegations that contradict facts which may be judicially noticed.  *See Mullis v. United States Bankruptcy Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987).

### III.  DISCUSSION

### A.  Request for Judicial Notice

As a preliminary matter, Wells Fargo asks that the Court take judicial notice of a number of documents in support of its motion to dismiss. (RJN, Dkt. No. 13.)  The documents are purportedly true and correct copies of: A) Deed of Trust dated January 19, 2006, and recorded with the Alameda County Recorder's Office on January 26, 2006; B) a Certificate of Corporate Existence dated April 21, 2006 issued by the Office of Thrift Supervision certifying that World Savings Bank, FSB, is a federal savings bank; C) a letter dated November 19, 2007 on the letterhead of the Office of Thrift Supervision ("OTS") authorizing a name change from World Savings Bank, FSB to Wachovia Mortgage, FSB; D) the Charter of Wachovia Mortgage, FSB; E) Official Certification of the Comptroller of the Currency stating that effective November 1, 2009, Wachovia Mortgage, FSB converted to

4

Wells Fargo Bank Southwest, N.A., which then merged with and into Wells Fargo Bank, N.A.; F) Printout from the website of the Federal Deposit Insurance Corporation dated October 23, 2012, showing the history of World Savings Bank, FSB; G) Notice of Default, dated and recorded with the Alameda County Recorder on August 26, 2008; and H) Notice of Trustee's Sale Trust, dated January 5, 2009, and recorded with the Alameda County Recorder on February 11, 2009; and I) Notice of Rescission of Notice of Default and Election to Sell Under Deed of Trust, dated May 27, 2009, and recorded with the Alameda County Recorder on June 2, 2009.  Plaintiff did not oppose Defendant's Request for Judicial Notice.

A district court may take notice of facts not subject to reasonable dispute that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *United States v. Bernal–Obeso,* 989 F.2d 331, 333 (9th Cir.1993).  The Court concludes that the government records and public documents submitted by Defendant are not subject to reasonable dispute and are proper subjects of judicial notice. *See Lopez v. Wachovia Mortg.,* No. C 10–01645, 2010 WL 2836823, at *2 (N.D.Cal.2010) (taking judicial notice of nearly identical documents).  Accordingly, the Court GRANTS Defendant's request for judicial notice.

**B.  Motion to Dismiss**

Wells Fargo seeks dismissal on the grounds that all claims are fatally time-barred by the appropriate statute of limitations, as the limitations began to run at the time of loan origination in January 2006, and the case was not filed until April 2, 2013.  In the event that any claims are not found to be time-barred, Wells Fargo argues that they are preempted by the Home Owners' Loan Act (HOLA), because they arise from alleged conduct at the time of loan origination.  *See* 12 C.F.R. § 560.2.

1.  <u>Plaintiff's Claims are Time-barred by the Statute of Limitations</u>

At the hearing, Plaintiff confirmed that all allegations arise from Defendants' conduct at the time of loan origination in January 2006.  Wells Fargo contends that all causes of action are, therefore, barred by their applicable statutes of limitation.

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                              *a.   Violation of Violations of Business and Professions Code § 17200, et seq. &
                                 Unfair Business Practices (Claims 1 & 3)*

      California Business and Professions Code § 17208 prescribes the statute of limitations for

actions brought under the California Business Professions Code § 17200 et seq., which is four

years after the cause of action accrued. *Eichman v. Fotomat Corp.*, 880 F.2d 149, 159 (9th Cir.

1989). California's Unfair Business Practices statute is § 17200 et seq.  Plaintiffs appears to base

his § 17200 claim on violations of the Real Estate Settlement Practices Act ("RESPA") and the

Truth-in-Lending Act ("TILA"). (FAC, ¶¶39d, 41.)  Plaintiff's allegations, however, do not plead

a legitimate statutory violation, as it does not appear that Plaintiff has lost money or property by

the virtue of his not being in default. *DeLeon v. Wells Fargo Bank, N.A.*, 10-CV-01390-LHK,

2011 WL 311376, at *7 (N.D. Cal. Jan. 28, 2011) ("To bring a claim under the UCL, however,

Plaintiffs must have suffered an injury in fact and lost money or property as a result of

[Defendant's] alleged unfair or fraudulent practices.")(citations omitted).  Moreover, as all claims

are based on loan origination, Plaintiff's cause of action accrued in 2006.  Since Plaintiff filed suit

more than seven years after the alleged violations, his claims are time-barred by the four-year

statute of limitations.

                               *b.   Fraud & Fraud in the Inducement (Claims 2 & 5)*

      Plaintiff alleges that Defendant made false representations relating to the terms and

conditions of the loan and of the value of the property to induce Plaintiff to sign the loan

documents.  California has a three year statute of limitations for fraud claims. Cal. Civ. Proc.

Code § 338(d). As a result, Defendant argues that Plaintiff's claims are time-barred because they

are premised on purported misconduct that occurred prior to and during the origination of the loan

in January 2006.

      Generally, "the three-year period does not begin to run until the plaintiff has actual or

constructive notice of the facts constituting the fraud" *Jablon v. Dean Witter & Co.*, 614 F.2d 677,

682 (9th Cir. 1980). "Constructive notice is knowledge of facts sufficient to make a reasonably

prudent person suspicious of fraud, thus putting him on inquiry." *Id.*  All loan terms were

contained in the loan documents that Plaintiff signed, so even if Plaintiff did not read them, he

had constructive notice of all terms at the time of origination.  *See, e.g., Hague v. Wells Fargo Bank, N.A.*, C11-02366 TEH, 2012 WL 1029668, at *5 (N.D. Cal. Mar. 26, 2012) (fraud claim was time-barred when the terms of the loan were provided at signing, such that "reasonable diligence would have enabled Plaintiff to discover the problem.").  Because fraud is governed by a three-year limitations period, Plaintiff's fraud claims are time-barred.

### c.  Breach of Fiduciary Duty (Claim 4)

Plaintiff claims that Wells Fargo breached its fiduciary duty by inducing Plaintiff to accept a risky mortgage loan when there were better options available.

The applicable statute of limitations is determined by the nature of the right sued upon, the primary interest affected by the defendant's wrongful conduct, or the gravamen of the action. *Hydro-Mill Co., Inc. v. Hayward, Tilton & Rolapp Ins. Associates, Inc.*, 115 Cal. App. 4th 1145, 1158-59 (2004).  In *Hydro-Mill*, the court, in determining that there was no fiduciary relationship between an insurance broker and the insured, found that the gravamen of the lawsuit was the defendant's failure to execute its obligations as an insurance broker, and applied the two-year limitations period for professional negligence as governed by California Civil Procedure Code § 339. *Id.* Here, Defendant argues that the claim should be treated as a negligence cause of action and should be subject to the two-year limitations period.  The Court agrees, as Plaintiff's claim hinges on the existence of a fiduciary duty between the parties at the time of loan origination. Therefore, the applicable limitations period has run, and the claim is time-barred.

### d.  Breach of Implied Covenant of Good Faith and Fair Dealing (Claim 6)

Defendant contends that Plaintiff's claim for breach of the implied covenant of good faith and fair dealing is time-barred because a written contract claim is subject to a four-year limitations period. *See* Cal. Civ. Proc. Code § 337(1).  This limitations period applies to causes of action for breach of the implied covenant of good faith and fair dealing. *Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 208 (9th Cir. 1991).

In *Nevarez v. Wells Fargo*, N.A., the plaintiffs secured a loan with Defendant Wells Fargo, and alleged that Wells Fargo breached the covenant of good faith and fair dealing by misrepresenting the material terms of the loan. C-12-1660 JCS, 2012 WL 2428233, at *4 n. 4

(N.D. Cal. June 26, 2012).  The court applied the four-year limitation period of C.C.P. § 337(1) and dismissed the complaint because plaintiffs filed their complaint five years after the origination of the loan. *Id.* at 5.

Here, Plaintiff alleges that "Defendants negotiated for terms that were designed to give Defendants an unfair advantage over Plaintiffs and therefore further induce the Plaintiffs [sic] to refinance the RML in the future or be unable to make payments and stay in the home." (FAC, ¶ 65.)   As the claim accrued at the time of origination in 2006, Plaintiff's claim is time-barred.

> *e.   Plaintiff's Continuing Violation Doctrine Defense is Insufficient for Tolling.*

Plaintiff generally alleges that the continuing violations doctrine should toll the applicable statutes of limitation. This theory is predicated on every payment constituting a continued violation.  Plaintiff failed to provide any authority in support of applying the continuing violation doctrine in this instance in his opposition to the motion or at the hearing.

Further, Plaintiff's assertion conflicts with this district's prevailing view, which declines to apply the continuing violation doctrine to loan origination, because the issuance of the loan did not continue, but rather any subsequent loan payments were simply an effect of the violation rather than a new violation. *See Hernandez v. Sutter W. Capital*, C 09-03658 CRB, 2010 WL 3385046 (N.D. Cal. Aug. 26, 2010) (citing *Goodwin v. Executive Tr. Servs., LLC*, 680 F. Supp. 2d 1244, 1251 (D. Nev. 2010)).  As articulated in *Goodwin*, "[t]he continuing violation theory is not applicable here because Goodwin claims to have suffered only a single incident of conduct violative of the Act, namely the "less-than-favorable loan." 680 F.Supp. 2d at 1251.  Similarly here, Plaintiff alleges that his unfavorable loan terms resulted in a continuing violation every time he made a payment, such that the limitations periods have not expired. (Pl.'s Opp'n, at 9.)

Since the conduct at issue is purely at loan origination, the continuing violation doctrine does not apply, and all claims are time-barred and must be dismissed with prejudice.

## 2.   Preemption under the Home Owners' Loan Act (HOLA)

Wells Fargo also argues that even if the claims are not time-barred, all of Plaintiff's state law claims are preempted by the Home Owners' Loan Act (HOLA).  *See* 12 C.F.R. § 560.2.  HOLA expressly preempts state laws with respect to the "entire field of lending

regulation for federal savings associations," and states that "federal savings associations may extend credit as authorized under federal law, including this part, without regard to state laws purporting to regulate or otherwise affect their credit activities, except to the extent provided in paragraph (c) of this section."  12 C.F.R. § 560.2(a).  Plaintiff did not address the issue of HOLA preemption in his Opposition.

HOLA specifically provides that state laws purporting to impose requirements regarding "[l]oan-to-value ratios," "terms of credit, including amortization of loans and the deferral and capitalization of interest and adjustments to the interest rate," "[d]isclosure and advertising," and "[p]rocessing, origination, servicing, sale or purchase of, or investment or participation in, mortgages" are preempted.  *Id.* § 560.2(b).  State laws, however, are not preempted "to the extent that they only incidentally affect the lending operations of Federal savings associations or are otherwise consistent with the purposes of paragraph (a) of this section."  *Id.* § 560.2(c).  For example, state contract, property and tort laws are not preempted if they meet the above requirements.  *Id.*

The Ninth Circuit has held that in order to analyze whether state law is preempted by HOLA:

> the first step [is] to determine whether the type of law in question is listed in paragraph (b).  If so, the analysis will end there; the law is preempted.  If the law is not covered by paragraph (b), the next question is whether the law affects lending.  If it does, then, in accordance with paragraph (a), the presumption arises that the law is preempted.  This presumption can be reversed only if the law can clearly be shown to fit within the confines of paragraph (c).  For these purposes, paragraph (c) is intended to be interpreted narrowly.  Any doubt should be resolved in favor of preemption.

*Silvas v. E*Trade Mortg. Corp.*, 514 F.3d 1001, 1005 (9th Cir. 2008).

As a preliminary matter, HOLA applies to this case even though Wells Fargo is not a federal savings association, because Plaintiff's loan originated with a federal savings bank, World Savings Bank.  *See, e.g.*, *Appling v. Wachovia Mortg., FSB*, 745 F. Supp. 2d 961, 971 (N.D. Cal. 2010) ("although Wells Fargo itself is not subject to HOLA and OTS regulations, this action is nonetheless governed by HOLA because Plaintiff's loan originated with a

1    federal savings bank and was therefore subject to the requirements set forth in HOLA and

2    OTS regulation."); RJN, Ex. B.

3          Although Plaintiff brings his causes of action under various state statutes and

4    common law doctrines, all allegations concern Defendants' conduct at the time of loan

5    origination.  Plaintiff's specific allegations in the FAC are limited to the following facts:

6                33. Plaintiff originally applied for this loan in January 2006 with
             original lender World Savings for approximately $555,000.
7

8                34. Plaintiff was induced to enter into this loan under the facts and
             circumstances alleged in this complaint and said allegations are further
9            incorporated herein by reference as though fully stated herein.

10               35.  Plaintiff is informed and believes and therefore alleges that the
             loan after it was originated and funded was transferred or assigned to
11           defendant WELLS FARGO BANK, N.A., and WELLS FARGO BANK,
             N.A. holds a legal interest in said loan and the security for said loan.
12

13         The FAC also contains general, conclusory allegations concerning the lending

14   industry's practice of issuing adjustable rate mortgages to increase profit margins, which

15   "contained a low introductory rate and a rate for the first period of the loan...[which] was

16   anywhere from one to five years. After the fixed period, the interest rate of the ARM would

17   adjust, generally substantially upwards, and would increase monthly payments that the

18   Defendants knew the Plaintiff could not pay." (FAC, ¶ 17.)  These allegations relate to the

19   terms of credit, amortization of loans, disclosures, and the processing and origination of

20   mortgages, and are therefore preempted by HOLA under § 560.2(b).  *See, e.g.*, *Appling v.*

21   *Wachovia Mortg., FSB*, 745 F. Supp. 2d 961, 972 (N.D. Cal. 2010) ("Because this claim is

22   entirely based on Defendants' disclosures and the provision of credit-related documents, it

23   falls within the specific type of preempted state laws listed in § 560.2(b)(9)"); *Newsom v.*

24   *Countrywide Home Loans, Inc.*, 714 F. Supp. 2d 1000, 1012-13 (N.D. Cal. 2010) (finding

25   that HOLA preempted fraud claim alleging that defendant failed to provide disclosures and

26   misrepresented interest rates and fees); *Reyes v. Premier Home Funding, Inc.*, 640 F. Supp.

27   2d 1147, 1156 (N.D. Cal. 2009) (finding that HOLA preempted negligence claim alleging

28   that Defendants failed to explain material terms of a loan agreement).  Also, despite

United States District Court
Northern District of California

10

United States District Court
Northern District of California

1   Plaintiff's general allegation of his inability to pay, Plaintiff is currently making payments

2   and is not in default. (Def.'s Mot., at 2.)  At the hearing, Wells Fargo confirmed that a notice

3   of default had not been recorded, but did not know if Plaintiff was behind on his mortgage

4   payments.  Plaintiff's counsel did not provide any information on whether Plaintiff was

5   current on his mortgage payments.

6                    *a. Fraud and Fraud in the Inducement (Claims 2 & 5)*

7           As provided above, Plaintiff did not address the issue of HOLA preemption in his

8   Opposition.  At the hearing, Plaintiff's counsel confirmed that all claims concerned conduct at the

9   time of loan origination and explained that he did not address the issue of HOLA preemption,

10  because he could not locate any case law that supported his position for any of his claims.  For the

11  first time at the hearing, however, Plaintiff's counsel argued that HOLA does not preempt fraud

12  allegations at the time of loan origination based on the Fourth Circuit's decision in *McCauley v.*

13  *Home Loan Inv. Bank F.S.B.*, 710 F.3d 551, 557 (4th Cir. 2013) (fraud claim under West Virginia

14  law was not preempted by HOLA where plaintiff alleged that lender intentionally misrepresented

15  the value of the property for the purpose of inducing her to enter into the contract).[2]  Legal

16  arguments raised for the first time at the hearing deprived Wells Fargo of an opportunity to

17  review and respond to the argument, and should be disregarded on that basis alone.

18          In addition, *McCauley* is not controlling authority in this district, and the Court is not

19  persuaded by its holding. First, *McCauley* is distinguishable on its facts, as the plaintiff alleged

20  specific facts concerning the value of her home. *Id.* at 557.  Here, Plaintiff generally alleges that

21  Wells Fargo misrepresented the value of the Subject Property so that Plaintiff would sign the loan

22  documents. (*See* FAC, ¶ 60.)  Second, Plaintiff's argument that he was induced to enter the loan

23  based on a misleading appraisal by his lender ignores the reality of lending and the home buying

24  process.  Lenders do not have appraisals conducted to protect the borrower; rather an appraisal is

25  conducted to protect the lender's investment in the subject property. *See Das v. WMC Mortgage*

26

27  _____

28  [2] Not only did Plaintiff not brief the HOLA preemption issue in his Opposition, at the hearing, he only provided the Court with the *McCauley* case name and an errant case number.

*Corp.*, 831 F. Supp. 2d 1147, 1161 (N.D. Cal. 2011).  This appraisal information was contained in the loan documents, which Plaintiff signed.

Notwithstanding Plaintiff's fraud argument raised for the first time at the hearing, any claim of fraud is barred by the statute of limitations, so Plaintiff's fraud causes of action fail.

> *b. Violations of Business and Professions Code § 17200, et seq. & Unfair Business Practices (Claims 1 & 3)*

Plaintiff's California Business & Professions Code § 17200 is also preempted by HOLA, because it, too, is based entirely on conduct at the time of loan origination.  *See Jones-Boyle v. Washington Mut. Bank, FA*, CV 08-02142 JF (PVT), 2010 WL 2724287 (N.D. Cal. July 8, 2010) (finding that plaintiff's claims against lender "based upon solely its lending activities and representation in loan documents" were preempted).  Plaintiff alleges that Defendants induced Plaintiff to enter into the mortgage loan by making untrue or misleading statements, including "falsely stat[ing] to Plaintiff that it did not make any payments of kickbacks, fees or other 'things of value' in violation of RESPA." (FAC, ¶ 39.)  Plaintiff also alleges that "Defendants failed to consider Plaintiff's ability to repay his mortgage and failed to disclosure [sic] the cost of this mortgage as required by the Truth in Lending Act. (FAC, ¶ 39d.) Plaintiff's UCL allegations of the invalidity of the underlying debt are based solely on the lending activities at the time of origination, loan servicing, and modification, and are therefore preempted.

Even if Plaintiff's § 17200 claim was not preempted, Plaintiff cannot show that Wells Fargo's actions were unlawful.  In order to state a claim for UCL, Plaintiff must identify an underlying statute that Wells Fargo violated. *Ingels v. Westwood One Broad. Servs., Inc.*, 129 Cal. App. 4th 1050, 1060, 28 Cal. Rptr. 3d 933, 938 (2005) (no § 17200 liability "for committing 'unlawful business practices' without having violated another law").  Plaintiff's FAC contains cursory references to RESPA and TILA violations, but this is insufficient to state a claim, as they are conclusory statements that do not meet pleading standards.  *Iqbal*, 556 U.S. at 678. At any rate, any RESPA or TILA claims[3] stemming from loan origination are also time-barred.

---

[3] The statute of limitations for TILA claims is one year from the date of the transaction. 15 U.S.C. § 1640(e). The statute of limitations for RESPA claims is three years. 12 U.S.C. § 2605.

United States District Court
Northern District of California

c. *Breach of Fiduciary Duty (Fourth Claim)*

Plaintiff's fourth cause of action is for breach of fiduciary duty.  "In order to plead a cause of action for breach of fiduciary duty, there must be shown the existence of a fiduciary relationship, its breach, and damage proximately caused by that breach. The absence of any one of these elements is fatal to the cause of action." *Pierce v. Lyman,* 1 Cal. App. 4th 1093, 1101 (1991). "[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F. Supp. 2d 952, 969 (N.D. Cal. 2010) (quoting *Nymark v. Heart Fed. Savings & Loan Assn.,* 231 Cal. App. 3d 1089, 1096, (Cal. Ct. App. 1991).

A lender, however, may "be secondarily liable through the actions of a mortgage broker, who has a fiduciary duty to its borrower-client, but only if there is an agency relationship between the lender and the broker." *Newsom v. Countrywide Home Loans, Inc.*, 714 F. Supp. 2d 1000, 1016 (N.D. Cal. 2010) (quoting *Gonzalez v. HomeQ Serv.,* 2010 WL 289303 at *13 (E.D.Cal., Jan. 15, 2010)).  Plaintiff has not alleged facts sufficient to establish an agency relationship between his broker and Wells Fargo, and, in fact, concedes that "the FAC clearly alleges a Mortgager/Mortgagee relationship." (Pl.'s Opp'n, at 7.)  As a result, Plaintiff has not alleged that any of Wells Fargo's actions exceeded the scope of its conventional role as a lender. *See Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F. Supp. 2d 952, 969 (N.D. Cal. 2010).  Therefore, this claim must be dismissed with prejudice, both due to the absence of an identified mortgage broker and because the claim is fatally time-barred.

d. *Breach of the Implied Covenant of Good Faith and Fair Dealing (Sixth Claim)*

Plaintiff's sixth cause of action is for breach of the implied covenant of good faith and fair dealing, which provides that no party to a contract may do anything that would deprive another party of the benefits of the contract. *Foley v. Interactive Data Corp.,* 47 Cal.3d 654, 683–684, 254 Cal.Rptr. 211, 765 P.2d 373 (1988). "The implied covenant of good faith and fair dealing rests upon the existence of some specific contractual obligation" and there "is no obligation to deal fairly or in good faith absent an existing contract." *Racine & Laramie, Ltd. v. Dep't of Parks &*

13

1    *Recreation,* 11 Cal. App. 4th 1026, 1031–32 (Cal. Ct. App. 1992) (internal quotation marks

2    omitted).

3          Plaintiff's FAC provides that "Defendants negotiated for terms that were designed to give

4    Defendants an unfair advantage over Plaintiffs and therefore further induce the Plaintiffs to

5    refinance the [residential mortgage loan] in the future or be unable to make payments and stay in

6    the home." (FAC, ¶ 65.)  This allegation strictly addresses terms of credit, which is expressly

7    preempted by HOLA. 12 C.F.R. § 560.2(b)(4).

8          Plaintiff's sixth cause of action is dismissed without leave to amend as it is preempted and

9    is time-barred, such that amendment would be futile.

10                                     **IV.  CONCLUSION**

11         In light of the above, the Court GRANTS Defendant Wells Fargo's motion to dismiss

12   Plaintiff's complaint in full and without leave to amend, as all of Plaintiff's claims, even if

13   they were not preempted, are barred by their applicable statute of limitations.  The Clerk is

14   ordered to close the case.

15         IT IS SO ORDERED.

16   Dated: August 8, 2013

17
                                              _____
18                                            KANDIS A. WESTMORE
                                              United States Magistrate Judge
19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

14