1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

United States District Court
Northern District of California

JUAN G. PASCUAL,

        Plaintiff,

   v.

WELLS FARGO BANK, N.A., et al.,

        Defendants.

Case No.: 13-02005-KAW

ORDER CONTINUING OCTOBER 3, 2013
HEARING AND REQUIRING BRIEFING
FROM PLAINTIFF'S COUNSEL

On April 2, 2013, Plaintiff Juan G. Pascual filed this action against Wells Fargo based on alleged conduct during the origination of Plaintiff's mortgage loan in January 2006. (*See* Compl., Dkt. No. 1, Ex. A; First Amended Complaint, "FAC", ¶¶ 33-35.)  On August 8, 2013, the Court dismissed Plaintiff's first amended complaint without leave to amend, because all of Plaintiff's claims, even if they were not preempted by the Home Owners' Loan Act (HOLA), were barred by their applicable statute of limitations period. (Order of Dismissal, Dkt. No. 22.)

On August 22, 2013, Defendant Wells Fargo filed a motion for an award of attorneys' fees based on the fee-shifting provisions in Plaintiff's note and deed of trust. (Def.'s Mot., Dkt. No. 24, at 1.) On September 19, 2013, Plaintiff's counsel, Wendell J. Jones, filed a statement of non-opposition to Wells Fargo's motion. (Dkt. No. 30.)  Mr. Jones filed this non-opposition despite Wells Fargo requesting an amount between $8,800.00 and $9,762.50. (Def.'s Mot. at 1.)

Plaintiff's counsel should have known that his client's case was potentially preempted by HOLA and likely time-barred, and, at the very least, was put on notice of those possibilities when Wells Fargo filed its motion to dismiss the initial complaint on May 8, 2013.  Despite this fact, Mr. Jones did not include facts to either avoid preemption or to address the statute of limitations issues when he filed Plaintiff's First Amended Complaint on May 20, 2013. (Dkt. No. 11.)  In addition, Plaintiff's Opposition to Wells Fargo's Motion to Dismiss the First Amended Complaint

did not address HOLA preemption, and argued that the continuing violations doctrine preserved his client's claims without citing any legal authority. (Pl.'s Opp'n to Def.'s Mot. to Dismiss, Dkt. No. 15, at 9.)  At the hearing on Wells Fargo's motion to dismiss, Plaintiff's counsel explained his complete failure to address HOLA by stating that he could not locate any case law that supported his position for any of his claims.  By bringing suit based on a loan that originated with World Savings Bank, counsel should have known that HOLA would be implicated.  In fact, Plaintiff's counsel has brought numerous cases in this district involving World Savings residential mortgages, which have been met with similar motions to dismiss implicating HOLA.  In addition, Plaintiff's counsel has had several mortgage cases, against a variety of defendants, dismissed for failure to prosecute.  This, however, appears to be the first time that an opposing party has attempted to collect attorneys' fees after prevailing.

As a result of Plaintiff's counsel's conduct in this matter, as well as his conduct in similar cases in this district, the Court believes that it may be unfair for Mr. Pascual to bear the burden of paying Wells Fargo's attorneys' fees, and so is considering shifting some or all of any award to counsel through either the Court's inherent authority to sanction or pursuant to 28 U.S.C. § 1927.

Plaintiff's counsel shall submit a brief of no longer than 10 pages by Friday, October 4, 2013, explaining why the Court should not shift some or all of any award of attorneys' fees from Mr. Pascual to himself.

Accordingly, the hearing set for October 3, 2013 is continued until October 17, 2013.

IT IS SO ORDERED.

Dated: September 27, 2013

KANDIS A. WESTMORE
United States Magistrate Judge

United States District Court
Northern District of California

2