United States District Court
Northern District of California

JUAN G. PASCUAL, an individual

Plaintiff,

v.

WELLS FARGO BANK, N.A., successor in interest to WORLD SAVINGS BANK, FSB; and DOES 1-50, inclusive,

Defendants.

Case No.: 4:13-cv-02005-KAW

ORDER GRANTING DEFENDANT WELLS FARGO'S MOTION FOR THE AWARD OF ATTORNEYS' FEES; ORDER REFERRING ATTORNEY WENDELL JONES TO THE STANDING COMMITTEE ON PROFESSIONAL CONDUCT FOR DISCIPLINARY PROCEEDINGS

(Dkt. No. 24)

Plaintiff Juan G. Pascual filed this lawsuit against Wells Fargo Bank asserting six causes of action based on alleged conduct during the origination of Plaintiff's residential mortgage loan in January 2006. (Compl., Dkt. No. 1, Ex. A; First Amended Complaint, ("FAC"), ¶¶ 33-35.) Ultimately, the court granted Wells Fargo's motion to dismiss Plaintiff's First Amended Complaint in full and without leave to amend. (Dkt. No. 22.)

On August 22, 2013, Wells Fargo filed a motion for attorneys' fees based on the fee-shifting provisions in Plaintiff's note and deed of trust. Plaintiff did not file a timely opposition or notice of non-opposition, and on September 27, 2013, the Court issued an order requiring Plaintiff's counsel Wendell Jones to file a supplemental brief to explain "why the Court should not shift some or all of any award of attorneys' fees from Mr. Pascual to himself." (Dkt. No. 32.)

On October 17, 2013, the Court held a hearing, at which Mr. Jones did not appear. After careful consideration of the parties' arguments, for the reasons set forth below, the Court GRANTS Well Fargo's Motion to for Attorneys' Fees, and orders Mr. Jones to personally pay 75% of the fee award, and Mr. Pascual shall pay the remaining 25% of the fee award. In addition, the Court refers Mr. Jones to the Standing Committee on Professional Conduct for the United

States District Court for the Northern District of California for a determination as to whether further discipline is appropriate.

## I. BACKGROUND

**A. Instant Action**

Plaintiff filed this action in Alameda Superior Court on April 2, 2013 alleging six causes of action against Wells Fargo based on conduct during the origination of Plaintiff's mortgage loan in January 2006. (*See* Compl., Dkt. No. 1, Ex. A; First Amended Complaint, "FAC", ¶¶ 33-35.) On May 1, 2013, Wells Fargo removed the case to federal court.

On May 8, 2013, Wells Fargo filed a motion to dismiss the initial complaint, which contained allegations that the case was preempted by the Home Owners' Loan Act (HOLA) and was fatally time-barred by the applicable statutes of limitation. (Dkt. No. 4.)

On May 9, 2013, Wells Fargo sent Mr. Jones a letter advising him that Wells Fargo reserved its right to recover attorneys' fees and costs incurred to defend the action pursuant to Article 7 of the Deed of Trust and Paragraph 7(E) of the Note. (Decl. of Melissa M. Coyle, "Coyle Decl.," Dkt. No. 24-3, Ex. A.)

On May 20, 2013, presumably in response to Wells Fargo's initial motion to dismiss, Mr. Jones filed an amended complaint, which did not add additional facts to address HOLA preemption or the statutes of limitation issues. (Pl.'s First Am. Compl., "FAC," Dkt. No. 11.)

On June 3, 2013, Wells Fargo filed its motion to dismiss the First Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. (Dkt. No. 12.) Pursuant to Civil L.R. 7-3, a party has 14 days from the date of filing to file an opposition to the motion. As a result, Plaintiff's opposition was due on June 17, 2013. Plaintiff did not file his opposition until June 18, 2013. (Dkt. No. 15.)

On August 8, 2013, the court granted Wells Fargo's motion to dismiss Plaintiff's First Amended Complaint on all claims and without leave to amend on the grounds that all claims were fatally time-barred or preempted by HOLA. (Dkt. No. 22.) Accordingly, the Court entered judgment on August 8, 2013. (Dkt. No. 23.)

///

2

On August 22, 2013, Wells Fargo filed a motion for attorneys' fees based on the fee-shifting provisions in Plaintiff's note and deed of trust. (Def.'s Mot. at 3-6, Dkt. No. 24.) Wells Fargo is seeking $8,800.00 in fees if the motion is unopposed, and $9,762.50 if it is opposed.

Plaintiff did not file a timely opposition, which would have been due within 14 days of the motion, or September 5, 2013. On September 19, 2013, however, Plaintiff filed a notice of non-opposition. (Dkt. No. 30.)

On September 27, 2013, the Court issued an order requiring Plaintiff's counsel Wendell Jones to file a supplemental brief to explain "why the Court should not shift some or all of any award of attorneys' fees from Mr. Pascual to himself." (Dkt. No. 32.)

On October 4, 2013, Mr. Jones filed a supplemental brief wherein he stated that, while he stood behind his decision to file the case:

> if the court deems Plaintiff's counsel **should not** have filed the Compliant based on arguments that may or may not have been raised by Defendant and the Defendants should be awarded attorneys fees, Plaintiff's counsel will stipulate to bearing the burden of paying these fees. However, Plaintiff asserts that $8,800 - $9,762.50 is excessive and the amount should be $1,962.50, the amount claimed in Melissa M. Coyle's Declaration filed August 22, 2013.

(Pl.'s Counsel Supplemental Brief, Dkt. No. 33 at 3)(emphasis in original). The Court notes that the $1,962.50 in Ms. Coyle's declaration did not refer to the total amount of attorneys' fees paid by Wells Fargo in the defense of this matter, but rather the estimated amount of attorneys' fees incurred in filing the motion for attorneys' fees in the event that the motion was opposed. (Decl. of Melissa M. Coyle, "Coyle Decl.," Dkt. No. 24-3 ¶ 7.)

On October 17, 2013, the Court held a hearing, at which Mr. Jones did not appear. Instead, Mr. Jones engaged Attorneys to Go— a private, appearance service that contracts with attorneys in California—to provide an attorney to specially appear on his behalf. He did not notify the court of his inability to attend the hearing nor did he request to appear telephonically.

///
///
///
///

**B. Previous Actions in the Northern District of California**

A CM/ECF query of Mr. Jones' name as an attorney of record generated 52 cases in the Northern District, including the instant action.[1] Of the 51 other actions, 16 involved loans that originated with World Savings Bank.[2]

Of the 52 cases filed in this district, only five resulted in agreements that the lender would perform a loan modification review, but there was no guarantee that Mr. Jones' clients would receive a loan modification. In addition, one case resulted in an unknown settlement.

The remaining 46 cases resulted in dismissal, many of which were for failure to prosecute for failing to oppose motions to dismiss, failure to file amended complaints, and for failure to respond to orders to show cause.

1. Cases involving World Savings Loans

The 16 cases in this district involving loans that originated with World Savings Bank resulted in most cases being dismissed with prejudice or without leave to amend. In particular, three cases were dismissed with prejudice due to Home Owners' Loan Act (HOLA) preemption, and Real Estate Settlement Procedures Act (RESPA) and Truth in Lending Act (TILA) claims that were time-barred. In addition, five cases were voluntarily dismissed by plaintiffs after the defendant filed a motion to dismiss which alleged HOLA preemption. The remaining eight cases resulted in four dismissals without prejudice, three agreements that the lender would perform a loan modification review with no guarantee that the client would receive a loan modification, and one unknown settlement.

---

[1] The query was conducted on October 16, 2013, and is limited to cases that were entered into the system on or before this date.

[2] *Jacinto v. Wells Fargo Bank, N.A.,* 10-cv-03412-CW; *Khan v. World Savings Bank, FSB,* 10-cv-04057-EJD; *Manuel De Jesus v. Wachovia, et al,* 10-cv-04212-JF; *Khan v. World Savings Bank,* 10-cv-04305-EJD; *Parmer v. Wachovia*, 11-cv-00672-PJH; *Hernandez et al v. Wachovia et al,* 11-cv-02871-SI; *Diaz v. Wachovia et al,* 11-cv-03276-JSW; *Santos v. Wachovia et al,* 11-cv-03387-EJD; *Zelaya v.Wachovia et al,* 11-cv-04609-JCS; *Martinez v. Wells Fargo Bank, N.A.,* 11-cv-04624-SC; *Snell v. Wells Fargo Bank, N.A. et al,* 11-cv-06297-SBA; *Diaz v. Wells Fargo Bank, N.A.,* 12-cv-00134-SI; *Mahboobi v. Wells Fargo Bank, N.A.,* 12-cv-00565-EJD; *Guardado v. World Savings Bank,* 12-cv-00740-JSW; *Arellano v. World Savings Bank,* 12-cv-0486-KAW; *Martinez v. World Savings Bank,* 12-cv-04873-HRL; *Segura v. World Savings Bank,* 13-cv-02103-KAW.

In addition, in at least one World Savings case, Mr. Jones was sanctioned by the district court in the amount of $1,000.00 for his "repeated fail[ure] to respond to deadlines set by the local rules and the orders of this Court." *Khan v. World Savings Bank, FSB,* 10-cv-04057-EJD, ECF No. 23 (N.D. Cal. Mar. 21, 2011).

2. Cases involving other loans

As provided above, most of Mr. Jones' remaining cases were dismissed. Mr. Jones' conduct in at least two of those cases did not go unnoticed by the district court. In 2012, the court declined to impose sanctions sua sponte, but noted that Mr. Jones had a track record of "similar failings" to respond to motions to dismiss and the court's order to show why the case should not be dismissed for failure to prosecute. *Zepeda v. Bank of America Corp.,* 12-cv-03098-JSC, ECF No. 25 (N.D. Cal. Sept. 21, 2012). The court, however, declined to impose sanctions based on Mr. Jones' assurances that "he [was] no longer taking case referrals until his current caseload declines to a manageable level. In addition, he has hired a paralegal to alleviate the time constraints that previously prevented him from timely filing documents in his cases." *Id.*

Thereafter, in another mortgage case, the court, in declining to impose sanctions, referred Mr. Jones to the Northern District's Standing Committee on Professional Conduct for further investigation. *Moran v. Washington Mutual Bank., et al.,* 12-cv-04974-NC, ECF No. 13 (N.D. Cal. Nov. 13, 2012).

**C. Action in the Eastern District of California, where Wells Fargo obtained an attorneys' fees award against Mr. Jones' clients.**

In addition to the cases filed in the Northern District, Mr. Jones was counsel of record in *Valtierra v. Wells Fargo Bank, N.A.*, 10-cv-00849-AWI-MJS, in the Eastern District of California. In that matter, Mr. Jones' clients obtained a loan from World Savings Bank. Plaintiffs' second amended complaint was dismissed with prejudice for failure to state a claim under Rule 12(b)(6). *See Valtierra*, 10-cv-00849-AWI-MJS, ECF No. 50 (E.D. Cal. Mar. 22, 2012). Thereafter, Wells Fargo sought to collect "reasonable attorneys' fees" for its efforts to enforce its rights under the mortgage, and was awarded $10,000 in attorneys' fees as the prevailing party against the plaintiffs. *Id.*

## II. LEGAL STANDARD

### A. Motion for Attorneys' Fees

California law governs the right to recover attorneys' fees pursuant to an underlying contract. *See Berkla v. Corel Corp.*, 302 F.3d 909, 919 (9th Cir. 2002) (applying Cal. Civ. Proc. Code § 1021, which requires courts to follow contractual fee-shifting provisions). In similar circumstances, courts in this district have awarded attorney's fees. *See, e.g., Nguyen v. Wells Fargo Bank, N.A.*, No. C-10-4081-EDL, 2011 WL 9322 (N.D. Cal. Jan. 3, 2011). California Civil Code §1717(a) governs the recovery of attorneys' fees pursuant to an underlying contract:

> In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.

"An involuntary dismissal operates as an adjudication on the merits unless it is for lack of jurisdiction, improper venue, or failure to join a party under Rule 19." *Murphy v. Wells Fargo Bank, N.A.*, 2012 U.S. Dist. LEXIS 29420, *4 (N.D. Cal. Mar. 6, 2012).

### B. Sanctions

Generally, courts may impose sanctions against an attorney personally. The court has a duty to supervise the conduct of attorneys appearing before it. *Erickson v. Newmar Corp.*, 87 F.3d 298, 301 (9th Cir. 1996) (citing *Trust Corp., v. Piper Aircraft Corp.*, 701 F.2d 85, 87 (9th Cir. 1983). Furthermore, the determination to sanction is subject to a court's sound discretion. *Dahl v. City of Huntington Beach,* 84 F.3d 363, 367 (9th Cir. 1996). "For a sanction to be validly imposed, the conduct in question must be sanctionable under the authority relied on." *Cunningham v. County of Los Angeles,* 879 F.2d 481, 490 (9th Cir. 1988). Since the instant action has been dismissed, Rule 11 sanctions are not available, so the Court's ability to sanction is limited to 28 U.S.C. § 1927 and its inherent powers.

### C. Request for Judicial Notice

A district court may take notice of facts not subject to reasonable dispute that are "capable of accurate and ready determination by resort to sources whose accuracy cannot

reasonably be questioned." Fed.R.Evid. 201(b); *United States v. Bernal–Obeso,* 989 F.2d 331, 333 (9th Cir.1993). "[A] court may take judicial notice of 'matters of public record,'" *Lee*, 250 F.3d at 689 (citing *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)), and may also consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading" without converting a motion to dismiss under Rule 12(b)(6) into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds by *Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). The court need not accept as true allegations that contradict facts which may be judicially noticed. *See Mullis v. United States Bankruptcy Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987).

### III. DISCUSSION

**A. Request for Judicial Notice**

As a preliminary matter, Wells Fargo asks that the Court take judicial notice of a number of documents in support of its motion for attorneys' fees. (Request for Judicial Notice, "RJN," Dkt. No. 25.) The documents are purportedly true and correct copies of: A) this Court's August 8, 2013 order in this matter; B) this Court's judgment in this matter, dated August 8, 2013; C) Adjustable Rate Mortgage Note, dated January 19, 2006, regarding the Subject Property; and D) Deed of Trust dated January 19, 2006, and recorded with the Alameda County Recorder's Office on January 26, 2006. Plaintiff did not oppose Defendant's Request for Judicial Notice.

With regard to the first two requests, the court need not take judicial notice of its own documents. A district court may take notice of facts not subject to reasonable dispute that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *United States v. Bernal–Obeso,* 989 F.2d 331, 333 (9th Cir.1993). The Court concludes that the Note and Deed of Trust are not subject to reasonable dispute and are proper subjects of judicial notice. *See Lopez v. Wachovia Mortg.,* No. C 10–01645, 2010 WL 2836823, at *2 (N.D.Cal.2010) (taking judicial notice of nearly identical documents).

7

Accordingly, the Court GRANTS Defendant's request for judicial notice.

**B.     Motion for Attorneys' Fees**

1. Merits

Wells Fargo seeks to recover the attorneys' fees and costs incurred in defending this action under the Note and the Deed of Trust. California law governs the right to recover attorneys' fees pursuant to an underlying contract. *See Berkla v. Corel Corp.*, 302 F.3d 909, 919 (9th Cir. 2002); *see also* Cal. Civ. Code § 1717(a). In order to recover attorneys' fees, Wells Fargo must be the prevailing party. In similar circumstances, courts in this district have awarded attorneys' fees. *See, e.g., Nguyen v. Wells Fargo Bank, N.A.*, No. C-10-4081-EDL, 2011 WL 9322 (N.D. Cal. Jan. 3, 2011).

Paragraph 7(E) of the Promissory Note provides that "[t]he Lender will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses may include, for example, reasonable attorneys' fees and court costs." (RJN, Ex. C at 4.)

Similarly, Paragraph 7 of the Deed of Trust specifically contains a provision for the recovery of attorneys' fees in "a legal proceeding that may significantly affect Lender's rights in the Property." (RJN, Ex. D.) The Deed of Trust requires that Wells Fargo give notice before taking any of these actions. *Id.* On May 9, 2013, Wells Fargo gave Plaintiff notice that it reserved its right to seek the attorneys' fees and costs incurred in defending this action. (Coyle Decl., Ex. A.)

On August 22, 2013, Wells Fargo filed its motion for attorneys' fees. Pursuant to Civil L.R. 7-3, a party has 14 days from the date of filing to file an opposition to the motion. Under this Court's Standing Order, "[t]he failure of the opposing party to file a memorandum of points and authorities in opposition to any motion shall constitute consent to the granting of the motion." (Standing Order for Magistrate Judge Kandis A. Westmore ¶ 21.)

On September 19, 2013, Plaintiff filed a notice of non-opposition to Defendant's motion. Although this notice of non-opposition was not timely filed, there is no dispute that Wells Fargo is entitled to recover its attorneys' fees and costs incurred in defending this action.

2. <u>Amount of Attorneys' Fees Award</u>

Wells Fargo seeks between $8,800.00 and $9,762.50 in attorneys' fees, which consists of the flat fee of $7,800.00 charged to Wells Fargo, plus between $1,000.00 and $1,962.50 for work on the fee motion. (Decl. of Mark T. Flewelling in Support of Def. Wells Fargo's Motion for an Award of Attorneys' Fees, "Flewelling Decl.," Dkt. No. 24-2 ¶ 7.) As provided above, both the Promissory Note and the Deed of Trust provide for the recovery of attorneys' fees. (RJN, Exs. C & D.)

When calculating reasonable attorneys' fee, the Court must consider both the reasonableness of the hourly billing rate and the number of hours required. *See Larfarge Conseils Et Etudes, S.A. v. Kaiser Cement & Gypsum Corp.,* 791 F.2d 1334, 1341-42 (9th Cir. 1986)(citations omitted).

*a. Reasonableness of the Hourly Billing Rate*

To determine the appropriate lodestar amount, the reasonableness of the hourly billing rate must be assessed. *Credit Managers Ass'n of S. Cal.,* 25 F.3d at 750. In doing so, the court must look to the prevailing market rates in the relevant community for similar work by attorneys of comparable skill, experience, and reputation. *Camacho v. Bridgeport Fin., Inc.,* 523 F.3d 973, 979 (9th Cir.2008). Generally, the relevant community is the forum where the district court sits. *Id.*

As an initial matter, the Court finds that the flat rate of $7,800.00 for defending the lawsuit, which does not include the hours spent on the instant fee motion, is reasonable.[3] The Court will, therefore, only address the hourly rates billed for the instant fee motion.

Here, Wells Fargo's claimed hourly rates range from $275 to $350 per hour. (Decl. of Melissa M. Coyle in Support of Def. Wells Fargo's Motion for an Award of Attorneys' Fees, "Coyle Decl.," Dkt. No. 24-3 ¶ 7.) Wells Fargo's counsel billed a total of 3.5 hours in preparing

---

[3] In filing a notice of nonopposition, Plaintiff did not object to the reasonableness of the $7,800.00 flat fee. Mr. Jones, however, in responding to the Court's September 27, 2013 order, objected to the recovery sought when he realized that he may be personally assessed some or all of the attorneys' fees. The Court finds that any objection to the amount is untimely, as it should have been part of a timely opposition to the motion for attorneys' fees. Nonetheless, the Court will perform the lodestar analysis to determine the reasonableness of the attorneys' fees award for the instant motion.

9

1  this motion. (Coyle Decl. ¶ 6.) Mark T. Flewelling is a partner with the law firm of Anglin,
2  Flewelling, Rasmussen, Campbell & Trytten LLP. (Flewelling Decl. ¶ 3a.) Mr. Flewelling has 32
3  years of experience litigating business and banking cases before state and federal courts. *Id.* Mr.
4  Flewelling's time is billed at $350.00 per hour. *Id.*

5  Melissa Coyle is an attorney with the law firm. (*Id.* ¶ 8b.) Ms. Coyle has nine years of
6  experience litigating business and commercial disputes, including banking matters. *Id.*

7  Plaintiffs' hourly rates are within the range found reasonable by other judges in the
8  Northern District for attorneys with comparable experience. *See, e.g., Sami v. Wells Fargo Bank,*
9  *N.A.,* 2012 U.S. Dist. LEXIS 109251, at *19 (N.D. Cal. Aug. 3 2012). After reviewing Mr.
10 Flewelling's declaration, which states the experience of counsel, the Court finds that the hourly
11 rates are reasonable and consistent with prevailing market rates in the Northern District.

12        *b. Reasonableness of the Hours Billed*

13 In order to assess whether the number of hours billed is reasonable, Plaintiffs must submit
14 detailed records justifying the hours that have been expended. *Chalmers v. City of Los Angeles,*
15 796 F.2d 1205, 1210 (9th Cir.1986). The court may reduce the hours through its discretion
16 "where documentation of the hours is inadequate; if the case was overstaffed and hours are
17 duplicated; if the hours expended are deemed excessive or otherwise unnecessary." *Id.*

18 In the instant fee motion, Wells Fargo's counsel billed a total of 3.5 hours in preparing the
19 motion. (Coyle Decl. ¶ 6.) Ms. Coyle estimated spending an additional 2.0 hours reviewing any
20 opposition and preparing a reply, and another 1.5 hours attending the hearing. *Id.* Plaintiff did not
21 file an opposition, so while Ms. Coyle did engage in some preparation for the hearing and
22 attended the hearing telephonically, she did not file a reply, so the Court declines to award fees
23 for the additional, anticipated time. The Court will award fees for the 3.0 hours Ms. Coyle spent
24 preparing the motion and declarations at $275.00 per hour, for a total of $825.00. (Coyle Decl. ¶
25 7.) In addition, Mr. Flewelling spent 0.5 hours editing the motion and declarations at $350.00 per
26 hour, for a total of $175.00. (Coyle Decl. ¶ 7.) Accordingly, the Court finds that the 3.5 hours
27 billed for preparing the motion for attorneys' fees are reasonable, and awards the additional
28 $1,000.00 in attorneys' fees in addition to the $7,800.00 flat fee, for a total fee award of

$8,800.00.

**C.     Imposing Sanctions on Plaintiff's Counsel**

After a case is closed, the Court may only impose sanctions under 28 U.S.C. § 1927 and its inherent authority.  Sanctions under Federal Rule of Civil Procedure 11 are not available.

The issue is then whether the Court may shift all or part of the attorneys' fee award to Plaintiff's counsel Wendell Jones as a sanction for his professional conduct in this matter.

1.   28 U.S.C. § 1927

Section 1927 addresses counsel's liability for excessive costs and provides: "Any attorney or other person admitted to conduct cases in any court of the United States . . .  who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  An attorney has a "professional duty to dismiss a baseless law suit, even over the objections of his client, and to do it promptly when he learned that his client had no case." *Swanson v. EMC Mortg. Corp.,* No. CV F 09-1507 2010 WL 1173089 (E.D. Cal. March 23, 2010) (citing *Van Berkel v. Fox Farm & Rd. Mach.*, 581 F. Supp. 1248, 1251 (D. Minn. 1984) (attorney unjustifiably "failed to dismiss this lawsuit after learning that it was barred by the statutes of limitations" and "thereby multiplied these proceedings unreasonably and vexatiously within the meaning of 28 U.S.C. § 1927")).

Sanctions imposed under § 1927 require "a finding of recklessness or bad faith." *Fink v. Gomez,* 239 F.3d 989, 993 (9th Cir. 2001) (citing *Barber v. Miller,* 146 F.3d 707 (9th Cir. 1998) (internal quotations omitted); *see also Edwards v. General Motors Corp.*, 153 F.3d 242, 246 (5th Cir. 1998) ("willful continuation of a suit known to be meritless" satisfies § 1927)  The Ninth Circuit had held that "[b]ad faith is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." *Estate of Blas v. Winkler,* 792 F.2d 858, 860 (9th Cir. 1986).  To impose sanctions under § 1927, "if a filing is submitted recklessly, it must be frivolous." *In re Keegan Mgmt. Co.*, 78 F.3d 431, 436 (9th Cir. 1996).  Since § 1927 authorizes sanctions for the multiplication of proceedings, it "cannot be applied to an initial pleading. *Id.* at 435.

11

Here, Plaintiff's counsel filed a First Amended Compliant after Defendant filed its initial motion to dismiss, which alleged that all causes of action in Plaintiff's initial complaint were time-barred and preempted by the Home Owners Loan Act ("HOLA"). The amended complaint did not contain additional facts to avoid preemption or Wells Fargo's claims that the entire action was barred by the applicable statutes of limitation. By filing an amended complaint, Plaintiff's counsel clearly multiplied the proceedings.

Moreover, Plaintiff's opposition to Defendant's Motion to Dismiss the First Amended Complaint failed to address HOLA preemption, and, instead, only raised the frivolous argument that the continuing violation doctrine should toll the applicable statutes of limitation. As to HOLA preemption, at the hearing on the motion to dismiss, Mr. Jones explained that he did not address HOLA preemption in his opposition, because he had no legal authority to support a contention that the claims were not preempted. Further, Plaintiff's counsel failed to provide any authority in support of applying the continuing violation doctrine in this instance in his opposition to the motion or at the hearing. To the contrary, courts in this district have explicitly found that there is no continuing violation in mortgage cases when the single incident of conduct is the "less-than-favorable loan." *See Hernandez v. Sutter W. Capital*, C 09-03658 CRB, 2010 WL 3385046 (N.D. Cal. Aug. 26, 2010) (citing *Goodwin v. Executive Tr. Servs., LLC*, 680 F. Supp. 2d 1244, 1251 (D. Nev. 2010)).

In its September 27, 2013 Order, the Court asked Mr. Jones to address why he would file cases that were preempted by HOLA or time-barred. In his supplemental brief, Mr. Jones' stated that "although this may be the case, it [is] not necessarily the case that HOLA or time bar issues would have been raised by World Savings." (Pl.'s Counsel Supplemental Brief at 2.) Mr. Jones went on to misrepresent his record in the Northern District by stating that "many of these [previous] cases ended with a favorable result for the client." *Id.* at 2:10-11. The Court is unclear as to whether Mr. Jones is referring to his cases involving World Savings loans or all of his residential home mortgage cases, but the 52 cases filed in the Northern District, as of October 16, 2013, make for a less than illustrious record. *See supra* Part I.B. Mr. Jones was not present at the hearing to address his record in this district or to explain why he should be able to file cases that

12

he knows are unmeritorious in hopes that the defendant will simply fail to catch it. At the hearing, Well Fargo's counsel informed the Court that her firm had represented World Savings/Wachovia/Wells Fargo in 16 cases filed by Mr. Jones in the Northern District, and motions to dismiss were filed in all cases on the grounds that the claims were preempted by HOLA, and on statutes of limitations grounds to the extent that they involved claims that were time-barred. As provided above, a review of those 16 other cases showed that the World Savings successors raised the HOLA preemption issue in every motion to dismiss. Of those cases, three resulted in settlements where the lender agreed to perform a loan modification review and one case resulted in an unknown settlement. All other cases resulted in dismissals, at least two of which dismissed the operative complaint with prejudice based on HOLA preemption and time-barred TILA and RESPA claims. Based on his experience with cases involving World Savings loans, Mr. Jones had no reason to believe that Wells Fargo's counsel would commit malpractice by failing to raise these arguments that would dispose of the entire action.

Based on the foregoing, the Court finds that Mr. Jones' actions in filing the First Amended Complaint unreasonably and vexatiously multiplied the proceedings, such that he is subject to sanctions under § 1927, and may be made to personally satisfy some of Wells Fargo's attorneys' fee award.

2. The Court's Inherent Authority

Federal courts have the inherent authority to impose sanctions for attorney misconduct, which may include an award of attorneys' fees, against attorneys and parties who "acted in bad faith, vexatiously, wantonly, or for oppressive reasons" or acted in "willful disobedience" of a court order. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991); *Primus Automotive Financial Svcs, Inc. v. Batarse*, 115 F.3d 644, 648 (9th Cir. 1997) ("sanctions under the court's inherent powers may take the form of attorney's fees"). Bad faith is tested objectively. "A district court's finding of bad faith or the absence of bad faith in a particular case is a factual determination and may be reversed only if it is clearly erroneous. *Ford v. Temple Hosp.*, 790 F.2d 342, 347 (3rd Cir. 1986). An attorney's fee award under a court's inherent power is intended to vindicate judicial

13

authority, not to provide a substantive remedy to an aggrieved party. "The wrong was to the court." *Mark Industries,* 50 F.3d, 730, 733 (9th Cir. 1995).

Plaintiff's counsel has filed numerous nearly identical actions in the Northern District of California on behalf of borrowers against their lenders and mortgage brokers. Many of these actions have been dismissed with prejudice following unopposed motions to dismiss, withdrawal as counsel by Mr. Jones, or meritless oppositions. Several others have been dismissed for failure to prosecute. Mr. Jones has a pattern and practice of filing cases in which he has virtually no chance of prevailing. Despite being reprimanded by other judges in this district for his frivolous and unprofessional conduct, Mr. Jones continues to file with impunity.

In addition, Mr. Jones' representation of his client in this matter has been reckless to say the least. Not only did Mr. Jones file a complaint and first amended complaint containing claims that were time-barred and preempted, he also failed to timely file an opposition to the instant motion for attorneys' fees, which was due on September 5, 2013. Civil L.R. 7-3 ("The opposition must be filed and served not more than 14 days after the motion was filed.") Instead, Mr. Jones filed a notice of nonopposition on September 19, 2013, two weeks after the opposition was due.

Tellingly, however, Mr. Jones now objects to the amount of attorneys' fees requested when faced with the possibility of having to pay the fees personally. Any objection to the amount of fees has been waived by Plaintiff's failure to file an opposition to the motion timely or otherwise.

In addition, the tone of Mr. Jones' supplemental brief (attached hereto as Exhibit A) was flippant and disrespectful,[4] despite his history of being reprimanded in this district for similar conduct, which has included the imposition of sanctions and at least one referral to the Northern District's Standing Committee on Professional Conduct. Further, as provided above, Mr. Jones declined to appear at the hearing on the motion for attorneys' fees to address the Court and clear

---

[4] As one example of Mr. Jones' impertinence, he included the following rhetorical question in response to the Court's September 27, 2013 order: "With all due respect to our jurisprudential system, if the court disagrees with Plaintiff's Counsel's choice of argument to a Defendant's motion, shouldn't the court just rule accordingly?" (Pl.'s Counsel's Supplemental Brief at 2:20-22.)

up any misconceptions that he may claim were drawn from his brief. Instead, Mr. Jones opted to hire a contract attorney to specially appear, who could not have possibly been prepared to represent his client's interests, presumably so that he could avoid the uncomfortable position of addressing the Court's questions regarding his professional conduct in this matter. In fact, the attorney who specially appeared made it clear to the Court that he had no substantive information about the case to contribute at the hearing. Mr. Jones' failure to represent his client at this hearing, when it was apparent that he needed to personally appear, serves as further evidence of his disregard for this case, which combined with his pursuit of this frivolous lawsuit, is tantamount to bad faith.

Mr. Jones also cannot claim that he did not foresee the motion for attorneys' fees. Not only did Wells Fargo send him a letter, prior to the filing of the First Amended Complaint, reserving its right to collect attorneys' fees, Mr. Jones should have known that this was not an empty threat because Wells Fargo successfully obtained a $10,000 attorneys' fees award against another one of his clients in the Eastern District of California for similar reasons that Wells Fargo now seeks attorneys' fees. *See Valtierra*, 10-cv-00849-AWI-MJS, ECF No. 50 (E.D. Cal. Mar. 22, 2012).

Based on the foregoing, the Court finds that Plaintiff's counsel's actions are tantamount to bad faith and are, therefore, also sanctionable under the Court's inherent authority.

## IV. CONCLUSION

For the reasons set forth above, the Court GRANTS Wells Fargo's Request for Judicial Notice in support of its attorneys' fee motion.

The Court GRANTS Wells Fargo's Motion for Attorneys' fees as the prevailing party in the amount of $8,800.00. In addition, the Court finds that Mr. Jones unreasonably and vexatiously multiplied the proceedings in such a manner as to subject him to sanctions under 28 U.S.C. § 1927. He also acted in such a way as to support an imposition of sanctions under the court's inherent authority. Accordingly, the Court shifts 75% of the attorneys' fee award, or $6,600.00, to Mr. Jones as a sanction for his conduct, which shall be paid personally and not by client funds. The remaining 25% of the fee award, or $2,200.00, shall be paid by Mr. Pascual.

Additionally, Mr. Jones is referred to the U.S. District Court for the Northern District of California's Standing Committee on Professional Conduct for further investigation pursuant to Civil Local Rule 11-6(c).

IT IS SO ORDERED.

Dated: February 13, 2014

_____
KANDIS A. WESTMORE
United States Magistrate Judge

# Exhibit A

**WENDELL J. JONES, (State Bar No. 202302)**
**THE LAW OFFICE OF WENDELL J. JONES**
910 E. Hamilton Avenue
Suite 100
Campbell, CA 95008
Telephone/ Facsimile: (408) 371-7589

Attorney for Plaintiff
**JUAN G. PASCUAL**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JUAN G. PASCUAL, an individual**<br><br>Plaintiff,<br><br>vs.<br><br>**WELLS FARGO BANK, N.A., successor in interest to WORLD SAVINGS BANK, FSB; and DOES 1-50, inclusive,**<br><br>**Defendants** | Case No.: **4:13-cv-02005-KAW**<br><br>**SUPPLEMENTAL BRIEF BY PLAINTIFF'S COUNSEL**<br><br>Date: October 17, 2013<br>Time: 11:00 a.m.<br>Ctrm: 4 |

Plaintiff's Attorney hereby submits his brief pursuant to the Order issued by the

Honorable Judge Kandis A. Westmore:

# **PLANTIFF COUNSEL'S RESPONSE TO ORDER CONTINUING OCTOBER 4, 2013**

# **HEARING**

In response to the court's notion that Plaintiff's counsel should have known that the claims were potentially pre-empted by HOLA and potentially time-barred, Plaintiff's counsel asserts that although this may be the case, it not necessarily the case that HOLA or time bar issues would have been raised by World Savings. Although the court sights other cases filed by Plaintiff's counsel where these issues were raised, Plaintiff's counsel has filed other cases where these claims were asserted and these issues were <u>not</u> raised. In fact, many of these cases ended with a favorable result for the client. Plaintiff's counsel is unclear as to whether the court is suggesting that cases shouldn't be filed on behalf of clients based on arguments that may or may not be raised by potential Defendants, but Plaintiff's would argue that each case has its own unique set of circumstances and potential claimants should be given a fair amount of latitude to file their claims when a potential harm is at issue.

The court also asserts several mortgage cases filed by Plaintiff's counsel against a variety of defendants that were dismissed for failure to prosecute. Plaintiff's is unclear as to why the court is referencing cases dismissed for failure to prosecute since that clearly was not the case here. With all due respect to our jurisprudential system, if the court disagrees with Plaintiff Counsel's choice of argument to a Defendant's motion, shouldn't the court just rule accordingly? Plaintiff's counsel is unclear as to how his conduct in this case amounts to a failure to prosecute and how that even applies here.

If it is a matter of past behavior that is being considered, it is no secret that the Defendant's predatory lending activities have duped hundreds of thousands of people out of millions of dollars with their 'Pick a Payment' and 'Neg-am' lending schemes and rather than help the

---

**SUPPLEMENTAL BRIEF BY PLAINTIFF'S COUNSEL**

2

borrowers that they have duped, they try to hide behind legal maneuvering. Nonetheless, with regard to Attorney's fees here, if the court deems Plaintiff's counsel **should not** have filed the Complaint based on arguments that may or may not have been raised by the Defendant and the Defendants should be awarded attorney fees, Plaintiff's counsel will stipulate to bearing the burden of paying these fees. However, Plaintiff asserts that $8,800.00 - $9,762.50 in fees is excessive and the amount should be $1,962.50, the amount claimed in Melissa M. Coyle's Declaration filed August 22, 2013.

DATED: October 4, 2013            LAW OFFICES OF WENDELL J. JONES


                                    By:    /s/Wendell J. Jones
                                             Wendell J. Jones
                                             Attorney for Plaintiff